IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JUSTIN S. HARRIS,

    Plaintiff,

v.

DAVID S. GALE,

    Defendant.

                                                            /

Civil Action No.

Hon.

## COMPLAINT

Plaintiff Justin S. Harris ("Plaintiff") through counsel, brings the following Complaint against Defendant David S. Gale ("Defendant"):

## INTRODUCTION

1. This is a straightforward case about Defendant's default under the Amended and Restated Promissory Note dated October 3, 2022 (the "Amended and Restated Note") that he entered with Plaintiff. There is no dispute that Defendant has failed to make any payment under the Amended and Restated Note despite Plaintiff's good faith attempts to work with Defendant by amending the parties' original Promissory Note dated January 3, 2022 to provide Defendant additional time to pay the principal amount of $1,000,000 (the "Principal Amount"). Defendant has indisputably breached his agreement with Plaintiff by failing to pay the Principal Amount by the December 15, 2022 maturity date (the "Maturity Date"), and Plaintiff now seeks a judgment against Defendant to enforce the Amended and Restated Note and to begin collection proceedings.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a citizen of Michigan and currently resides in Kalamazoo County, Michigan.

3. Defendant is an Ohio citizen who on information and belief resides in Marion County, Ohio.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds the sum of $ 75,000, exclusive of interest and costs. Specifically, Plaintiff is a citizen of Michigan, Defendant is a citizen of Ohio, and this case centers on the collection of a promissory note for more than $75,000. Also, pursuant to Section 5(h) of the Amended and Restated Note, Defendant consented to the jurisdiction of this Court and Michigan law.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendant consented to the jurisdiction of the Western District of Michigan regarding any disputes arising under the Amended and Restated Note.

## **GENERAL ALLEGATIONS**

6. Beginning in late 2021, Plaintiff sought to end his business relationship with Defendant. As part of an Acknowledgment and Release Agreement entered between Plaintiff and Defendant on January 3, 2022 to do just that, Defendant agreed to deliver to Plaintiff a promissory note for the Principal Amount and pay the note on the terms set forth therein. Defendant is in possession of both agreements.

7. The original promissory note became due on June 15, 2022. But as that date approached, Defendant made clear that he would not be able to pay any amount toward the note, let alone the Principal Amount that would then be due.

8. Working in good faith with Defendant, Plaintiff agreed to extend the maturity date from June 15, 2022 to December 15, 2022.

9. The parties executed the Amended and Restated Note on October 3, 2022. Under the terms of the Amended and Restated Note, Defendant agreed to pay the Principal Amount in one lump sum on the new Maturity Date of December 15, 2022. Defendant is in possession of a copy of the Amended and Restated Note.

10. Defendant failed to pay the Principal Amount on the Maturity Date as required by the Amended and Restated Note. Under Section 2(a) of the Amended and Restated Note, Defendant's failure to do so constitutes an Event of Default.

11. Plaintiff provided Defendant a notice of default on December 16, 2022 (the "Notice of Default"), as well as an opportunity to cure. Defendant is in possession of that notice.

12. After sending the Notice of Default, Plaintiff engaged in good faith discussions with Defendant to reach a resolution regarding Defendant's default and to provide Defendant an opportunity to cure. Defendant repeatedly claimed to have secured funding and that he would start making payments toward the Principal Amount.

13. But to date, Defendant has failed to pay a single dollar toward the Principal Amount, and he remains in default of the Amended and Restated Note.

14. Plaintiff now seeks judicial intervention and a judgment that will allow him to collect the amount owing to him from Defendant under the Amended and Restated Note.

## COUNT I – BREACH OF PROMISSORY NOTE

15. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

16. On or about October 3, 2022, Plaintiff and Defendant executed the Amended and Restated Note, which is a valid and binding agreement. A copy of the Amended and Restated Note is in Defendant's possession.

17. Pursuant to the terms of the Amended and Restated Note, Defendant promised to pay to Plaintiff the principal sum of $1,000,000 by December 15, 2022.

18. Defendant failed to pay the Principal Amount under the Amended and Restated Note, and Defendant's failure to timely pay constitutes a default under the Amended and Restated Note.

19. Plaintiff provided Defendant a Notice of Default, as well as an opportunity to cure.

20. Defendant has breached the terms of the Amended and Restated Note by failing to timely repay all amounts owed by Defendant to Plaintiff.

21. Under the terms of the Amended and Restated Note, Defendant agreed to pay all costs of collection and enforcement of the Amended and Restated Note, including reasonable attorneys' fees.

22. As of the filing of this action, Defendant has still failed or refused to pay the Amended and Restated Note in full, or make any payments toward the Principal Amount.

23. As a direct and proximate result of the Defendant's failure to repay Plaintiff, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## **COUNT II – UNJUST ENRICHMENT**

24. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

25. Plaintiff provided funds and services to Defendant, which Defendant never repaid and for which Defendant never compensated Plaintiff.

26. Defendant received the benefit of the funds and services that Plaintiff provided.

27. Unless Defendant is required to repay the finds and services that Plaintiff provided, it will be unjustly enriched in the amount of $1,000,000, plus common law damages for the lost use of such find,

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor as follows:

A. Enter judgment in Plaintiff's favor and against Defendant in the amount of $1,000,000, together with his interest, costs, expenses and attorneys' fees incurred in these collection efforts; and

B. Grant Plaintiff such further relief as this Court deems just and equitable.

Dated: October 27, 2023

HONIGMAN LLP
Attorneys for Plaintiff

By: /s/ Rian C. Dawson
Rian C. Dawson (P81187)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48009
rdawson@honigman.com