IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN S. HARRIS,

        Plaintiff,                       Case No. 1:23-cv-1139

v.                                            Hon. Robert J. Jonker

DAVID S. GALE,

        Defendant.
_____/

**PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT**

      Plaintiff Justin S. Harris ("Harris"), pursuant to Federal Rule of Civil Procedure 55(b)(2), renews his motion for entry of a default judgment against Defendant David S. Gale ("Gale").  In support of his motion, Harris states as follows:

      1.      Harris filed his Complaint for Breach of Promissory Note (Count I) and Unjust Enrichment (Count II) against Gale on October 27, 2023.  (ECF No. 1, PageID.1-5.)

      2.      Harris served the summons and Complaint on Gale on January 12, 2024.  (ECF No. 6, PageID.11.)

      3.      Gale was required to appear and file an answer or responsive pleading by no later than February 2, 2024.  Fed. R. Civ. P. 12(a)(1)(A)(i).

      4.      Gale failed to file an appearance, answer, or responsive pleading.

      5.      Harris moved for entry of default judgment on March 5, 2024.  (ECF No. 8.)

      6.      On March 8, 2024, the Court granted in part and denied in part Harris's Motion for Entry of Default Judgment (ECF No. 9.)  The Court ordered the clerk to enter default against Gale under Rule 55(a).  (ECF No. 9, PageID.24.)  And the clerk entered that default.  (ECF No. 10.) The Court, however, declined to enter judgment on the present record, and indicated that Plaintiff

may file a renewed motion under Rule 55(b)(2), providing additional support for the judgment sought.  (ECF No. 9, PageID.24.)

7.Harris now renews his Motion for Default Judgment against Gale and has attached at **Exhibit B** the Amended and Restated Promissory Note in support of his damages claim for his Breach of Promissory Note claim (Count I).

8.Harris does not seek judgment on his Unjust Enrichment claim (Count II), which was pled in the alternative to the Breach of Promissory Note claim.

9.Pursuant to Federal Rule of Civil Procedure 54(d)(2), Harris will move for attorney's fees after entry of judgment.  Because Gale has failed to appear, answer, or otherwise respond to the Complaint, the Court should deem all allegations in the Complaint admitted against Gale and enter judgment against Gale in the amount of $1,000,000, plus attorneys' fees and costs.  Fed. R. Civ. P. 55(b)(2).

WHEREFORE, for the reasons set forth above, Harris respectfully requests that the Court:

(1) Enter judgment in favor of Harris and against Gale in the amount of $1,000,000, plus attorneys' fees and costs; and

(2) Award such other and further relief as justice may require.

Dated: March 15, 2024HONIGMAN LLP
Attorneys for Plaintiff

By: /s/ Rian C. Dawson
Rian C. Dawson (P81187)
660 Woodward Avenue
2290 First National Building
Detroit, MI 48009
rdawson@honigman.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN S. HARRIS,

        Plaintiff,                            Case No. 1:23-cv-1139

v.                                                    Hon. Robert J. Jonker

DAVID S. GALE,

        Defendant.

_____/

**PLAINTIFF'S BRIEF IN SUPPORT OF
RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff Justin S. Harris ("Harris"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, renews his motion for entry of a default judgment against Defendant David S. Gale ("Gale"). Harris is entitled to default judgment based on his well-pleaded Complaint, Gale's failure to answer, plead, or otherwise defend in this case, and the exhibits Harris attaches hereto, including Harris's affidavit (**Exhibit A**) and the Amended and Restated Promissory Note (**Exhibit B**).[1]

**BACKGROUND**

Beginning in late 2021, Harris sought to end his business relationship with Gale. As part of an Acknowledgment and Release Agreement entered between Harris and Gale on January 3, 2022 to do just that, Gale agreed to deliver to Harris a promissory note for the Principal Amount of $1,000,000.00 ("the Principal Amount") and pay the note on the terms set forth therein. (*See* Ex. B.) The original promissory note became due on June 15, 2022. But as that date approached, Gale made clear that he would not be able to pay any amount toward the note, let alone the

---

[1] Certain of Mr. Harris's personal information has been redacted from the Amended and Restated Promissory Note.

3

Principal Amount that would then be due.  Harris worked in good faith with Gale and agreed to extend the maturity date from June 15, 2022 to December 15, 2022.  But Gale still failed to pay.

Harris sent Gale a notice of default on December 16, 2022, and gave Gale an opportunity to cure Gale's default.  (**Exhibit C**.)  Harris then again engaged in good faith discussions with Gale to reach a resolution.  Gale repeatedly claimed to have secured funding and claimed that he would start making payments.  But Gale still has not paid a single dollar to Harris, and Gale remains in default.

Harris filed his claims for Breach of Promissory Note (Count I) and, in the alternative, Unjust Enrichment (Count II) against Gale on October 27, 2023.  (ECF No. 1, PageID.1-5).  Harris served the summons on Gale on January 12, 2024.  (ECF No. 6, PageID.11).  Gale was required to appear and file an answer or responsive pleading by no later than February 2, 2024.  Fed. R. Civ. P. 12(a)(1)(A)(i).  Gale failed to file an appearance, answer, or responsive pleading.

Harris originally moved for entry of default judgment against Gale on March 5, 2024.  (ECF No. 8.)  While this Court granted the default, it declined to enter judgment on the current record but indicated that Harris could renew his motion under Federal Rule of Civil Procedure 55(b)(2) and attach a copy of the Amended and Restated Note for the Court to grant the default judgment for $1,000,000.

Harris now renews his motion for entry of default judgment against Gale.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 55 permits a court to enter a final default judgment.  Fed. R. Civ. P. 55(b)(2).  The factual allegations of the complaint, except those concerning damages, are then deemed to have been admitted by the non-responsive party.  Fed. R. Civ. P. 8(b)(6).

## ARGUMENT

**I.      Harris Is Entitled To Default Judgment Against Gale**

The well-established rule is that once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint. *DirecTV, Inc v. Bloniarz*, 336 F. Supp. 2d 723, 725 (W.D. Mich. 2004).  By his default, Gale "has admitted all facts to establish his liability," and Harris "is entitled to a default judgment[.]" *Id.*

Harris has set forth detailed factual allegations regarding Gale's role in defaulting on the parties' agreement.  (*See* Ex. A; Ex. B.)  Taken as true, Harris's allegations establish Gale's liability for Count I, Breach of Promissory Note.  Harris does not seek judgment on Count II for Unjust Enrichment, which had been pled in the alternative to Count I.  To support his claim for Count I, Harris has attached to this Motion his affidavit (Ex. A) and the Amended and Restated Promissory Note (Ex. B), as well as the notice of default sent to Gale.  (Ex. C.)  This Court should accordingly enter a default judgment against Gale on Count I for $1,000,000.

## CONCLUSION

Harris respectfully requests that this Court enter Default Judgment against Gale and award Harris damages in the amount of $1,000,000, plus attorneys' fees and costs, as requested by Harris in his Complaint, and as set forth in the attached exhibits.

Dated: March 15, 2024                                          HONIGMAN LLP
                                                                                    Attorneys for Plaintiff

                                                                                    By: /s/ Rian C. Dawson
                                                                                    Rian C. Dawson (P81187)
                                                                                    660 Woodward Avenue
                                                                                    2290 First National Building
                                                                                    Detroit, MI 48009
                                                                                    rdawson@honigman.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that Plaintiff Justin S. Harris's Brief in Support of Motion for Entry of Default Judgment complies with the type-volume limitation pursuant to W.D. Mich. LCivR 7.2(b). The brief contains 713 words of Times New Roman 12-point proportional type. The word processing software used to prepare this brief was Microsoft Word Professional Plus 2016.

/s/ Rian C. Dawson
Rian C. Dawson (P81187)

Dated:  March 15, 2024

## CERTIFICATE OF SERVICE

  I hereby certify that on March 15, 2024, the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record. I further certify that on March 15, 2024, the foregoing was mailed to Defendant David Gale via Fed Ex Overnight Delivery to his last known address: 1531 Eagle Way, Marion, OH, 43302.

             Respectfully submitted,

             /s/ Rian C. Dawson
             Rian C. Dawson (P81187)

Dated: March 15, 2024